IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ALEX ROBERT HARVEY; ELIZABETH ANN HARVEY; KATHRYN ANN HARVEY; and STEVEN ROBERT JOHNSON,<br><br>       Plaintiffs,<br><br>   v.<br><br>MICHAEL J. MCSHANE,<br><br>       Defendant. | Case No. 3:25-cv-01417-IM<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND DENYING RECONSIDERATION** |

Alex Robert Harvey, Kathryn Ann Harvey, and Steven Robert Johnson, Keizer, OR 97303; and Elizabeth Ann Harvey, Salem, OR 97301. Pro se.

**IMMERGUT, District Judge.**

This Court previously dismissed the Complaint filed by Plaintiffs Alex Robert Harvey, Elizabeth Ann Harvey, Kathryn Ann Harvey, and Steven Robert Johnson without leave to amend, Order Dismissing Complaint, ECF 9, and entered judgment, ECF 10. Plaintiffs have now filed what they have captioned as a motion for default judgment, but which in substance

PAGE 1 –ORDER DENYING MOTION

primarily seeks reconsideration of this Court's dismissal of the Complaint. Motion ("Mot."), ECF 11. However construed, this Court denies the motion.

The first paragraph of the motion requests entry of default judgment against the United States. Mot., ECF 11 at 1 (citing Fed. R. Civ. P. 55(d)); *see* Affidavit of Docket Name Change, ECF 12 at 1. Rule 55(d) provides that "default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." *See George v. IRS*, 344 F. App'x 309, 311 (9th Cir. 2009) (explaining that "the mere failure to answer a complaint within the statutory deadline is not a sufficient ground for entry of default judgment against the government"). This rule requires courts "to reach the merits of a plaintiff's claim before entering a default judgment against the government." *Moore v. United Kingdom*, 384 F.3d 1079, 1090 n.16 (9th Cir. 2004). As this Court previously explained, Plaintiffs' Complaint does not state a claim on the merits. Order, ECF 9 at 3–4. Plaintiffs are therefore not entitled to entry of default judgment.[1]

The remainder of Plaintiffs' motion argues that this Court erred in dismissing their Complaint. *See* Mot., ECF 11 at 1–7. This Court construes this motion as a request to alter the judgment entered in this case. Under Rule 59(e), it is appropriate to alter or amend a judgment if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). This Court finds reconsideration is unwarranted and denies the motion.

---

[1] Plaintiffs have also failed to seek entry of default or properly serve Defendant, either of which would also present an independent barrier to entry of default judgment. *See Gottschalk v. City & Cnty. of S.F.*, 964 F. Supp. 2d 1147, 1165–67 (N.D. Cal. 2013).

PAGE 2 –ORDER DENYING MOTION

Plaintiffs argue this Court erred in overlooking *Penhallow v. Doane's Administrators*, 3 U.S. (3 Dall.) 54 (1795). Mot., ECF 11 at 1–2 *Penhallow* addressed the jurisdiction of federal courts to enforce foreign admiralty judgments.[2] *See id.* at 97 (opinion of Iredell, J.). Plaintiffs do not seek to enforce a foreign admiralty judgment, so *Penhallow* has no legal relevance here.

Plaintiffs' Complaint purports to quote *Penhallow* as stating that "a government can interface only with other artificial persons," such that "no government as well as any law, agency, aspect, court, etc. can concern itself with anything other than corporate, artificial persons and the contracts between them." ECF 1 at 4. This Court has carefully reviewed *Penhallow* and has not found the quoted language or anything similar anywhere in the case.[3] Neither the Supreme Court nor any other court has ever reached a similar holding. *See United States v. Heijnen*, 375 F. Supp. 2d 1229, 1231 n.1 (D.N.M. 2005) (noting this quotation does not exist). Plaintiffs are admonished to be truthful and accurate in their citations in the future.

---

[2] Specifically, *Penhallow* concerned the fate of the *Lusanna*, an American-owned but British-registered brigantine that was seized, by the *M'Clary*, an American privateer, off the coast of New Hampshire in 1777. *See* Deirdre Mask & Paul MacMahon, *The Revolutionary War Prize Cases and the Origins of Diversity Jurisdiction*, 63 Buff. L. Rev. 477, 505–07 (2015)). The *Lusanna* was libeled in the New Hampshire Court Maritime, which condemned the *Lusanna* as a prize of war. *See id.* The *Lusanna*'s owner appealed to the Court of Appeals in Cases of Capture, which ruled in his favor, but New Hampshire's state courts refused to enforce the judgment. *See Penhallow*, 3 U.S. (3 Dall.) at 54–63 (tracing this history). After the creation of the federal district courts in 1789, the *Lusanna*'s owner sought to enforce the Court of Appeals' decree in New Hampshire's new federal district court. *Id.* at 62. The Supreme Court ultimately agreed that the decree was enforceable. *See id.* at 116–18 (opinion of Cushing, J.). Although district courts still have jurisdiction over similar "prize" cases, 28 U.S.C. § 1333(2), that jurisdiction has not been successfully invoked since 1948, *see United States v. The Europa*, 80 F. Supp. 12 (S.D.N.Y. 1948) (condemning a German ocean liner). All of which is to say that *Penhallow* is wholly irrelevant to this case, which does not involve the capture of an enemy vessel at sea.

[3] The word "interface" was first used in print in 1882, nearly a century after *Penhallow* was decided. *Interface*, Oxford English Dictionary (2d ed. 1989). The first use of "interface" as a verb, as it is used in the purported quote from *Penhallow*, occurred in 1967. *Id.* This Court has traced the language that Plaintiffs cite to a book first published in 1995, which falsely attributes that quote to *Penhallow*. *See* Vic V. Varjabedian, *Cracking the Code* 8 (3d ed. 2004).

PAGE 3 –ORDER DENYING MOTION

This Court also addresses a handful of other objections raised in Plaintiffs' motion. Plaintiffs object to this Court's failure to "honor[] a lawful request for an Article 3 Judge." Mot., ECF 11 at 4 (citing Affidavit of Request Service, ECF 8). Plaintiffs' request is denied as moot because the undersigned is an Article III judge. Plaintiffs also argue that "consent had not yet been given" before this Court dismissed their Complaint. *Id.* at 5. Plaintiffs consented to this Court's jurisdiction by filing their Complaint in this Court. *Adam v. Saenger*, 303 U.S. 59, 67 (1938). Finally, Plaintiffs seek the production of the undersigned's "oath of office," citing 5 U.S.C. § 3331.[4] Mot., ECF 11 at 6. "[N]othing in this statute (or elsewhere in the law) requires that a district judge demonstrate to the satisfaction of a litigant in a particular case that he or she has taken this oath." *United States v. Conces*, 507 F.3d 1028, 1041 (6th Cir. 2007). This request is accordingly denied.

Because Plaintiffs have failed to state a claim, their motion for default judgment is denied. And because they fail to identify any clear error or manifest injustice in this Court's Order dismissing their Complaint, their motion for reconsideration is denied.

**IT IS SO ORDERED.**

DATED this 26th day of August, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[4] 5 U.S.C. § 3331 applies only to officers "in the civil service or uniformed services." "Judges serve in the judicial branch of government and not in the 'civil service or uniformed services.'" *Miller v. Johnson*, 541 F. Supp. 1165, 1171 (D.D.C. 1982). The oath for judges is prescribed by 28 U.S.C. § 453, not 5 U.S.C. § 3331.

PAGE 4 –ORDER DENYING MOTION